## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MELISSA WALKER,**

Plaintiff,

**vs.**                                   CASE NO. _____

**AUDUBON FINANCIAL BUREAU, LLC**
**(a Delaware limited liability company)**
**and ADAM D. MARCH (an individual),**

Defendants.
_____/

### COMPLAINT
### JURY DEMAND

### INTRODUCTION

1.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

2.      Plaintiff seeks to recover monetary damages, and declaratory and injunctive relief, against Defendant, Audubon Financial Bureau, LLC (hereinafter referred to as "Audubon"), and Defendant Adam D. March (hereinafter referred to as "March"), individually.  Because Defendants informed Plaintiff on multiple occasions that  a lawsuit was pending against her when it was not, and has threatened her, at her place of employment, by calling her place of employment and threatening to have her served with a fake summons and fake complaint at her place of employment.  Making

matters worse, Defendants left multiple threatening messages on Plaintiff's cellular telephone, which falsely implied that there would be criminal implications if Plaintiff did not return Defendants' telephone calls. These communications are part of a pattern and practice of similar communications that Plaintiff maintains are unconscionable, and have resulted in great emotional distress to Plaintiff.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

4.     Plaintiff, Melissa Walker (formerly Melissa Ortiz) is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

5.     Defendant, Audubon is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices in Amherst, New York.

6.     Defendant, March is a natural person, and citizen of the State of New York, residing at 5145 Kraus Road, Clarence, New York 14031.

7.     Defendant, March is a member-manager and/or shareholder of Defendant, Audubon.

8.     Upon information and belief, Defendant, March oversees the day-to-day debt collection operations of Defendant, Audubon.

9.      Because Defendant, March is materially involved in the day-to-day debt collection operations of Defendant, Audubon he is personally liable for the violations committed by Defendant, Audubon, even if he was not directly involved with the collection of the alleged debt in this case.  *See* Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 440-41 (6th Cir. 2008); *see also* Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994);

10.     Any reference hereinafter to "Defendant" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

11.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12.     Defendant regularly collects or attempts to collect debts for other parties.

13.     Defendant is a "debt collector" as that term is defined in the FDCPA and FCCPA.

14.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

15.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically, Defendant attempted to collect an alleged payday loan debt to CashWeb from Plaintiff. Hereinafter referred to as the "alleged debt."

16.     Beginning on or about October 1, 2013 and continuing to the date of this Complaint, Defendant has left several messages for Plaintiff intended to mislead Plaintiff

into believing that criminal charges had been or would be pressed against Plaintiff with respect to the alleged debt.  Specifically:

17.     On or about October 1, 2013 at approximately 11:49 AM, Defendant contacted Plaintiff's place of employment and left a message for Plaintiff that she needed to call Brianna Jackson at phone number 1-866-256-2098 regarding being summoned to the Hillsborough County Courthouse regarding a check.   During that telephone call, Defendant was informed that Plaintiff could not receive personal calls at her place of employment.

18.     On or about October 1, 2013 at approximately 11:52 AM, Defendant contacted Plaintiff on her cellular telephone and left the following message:

> Hi, good morning, this message is intended for Melissa Ortiz, last four of the social ending in 5192. My name is Brianna Jackson, calling from AFB and Associates in our Processing Division. I have received your case number 496-582, which is scheduled to be outsourced through Hillsborough County Court.  You're going to be served on Friday a summons to appear in court for a passing a bad check for a financial institution. To suspend any sort of proceedings, I do need you or your attorney to contact my office today at 866-256-2098 at extension 112.

19.     On or about October 1, 2013 at approximately 11:53 AM, Defendant contacted Plaintiff on her home telephone and left the following message:

> Hi, good morning, this message is intended for Melissa Ortiz, last four of the social ending in 5192. I need you or your attorney to contact my office today. Reference to a service process scheduled you … for you for Friday to receive a summons to appear in Hillsborough County Court. I can be contacted at 8186625 at extension 112. Thank you.

20.     Defendant's messages described above in Paragraphs 17, 18, and 19 are likely to mislead the least sophisticated consumer to believe that criminal charges had been filed against the consumer for check fraud with respect to the alleged debt.

21.     As of the date of this Complaint, no criminal charges have been filed against Plaintiff with respect to the alleged debt.

22.     Upon information and belief, Defendant never had the intention of filing criminal charges against Plaintiff.

23.     Defendant never had the legal right to have criminal charges filed against Plaintiff.

24.     Upon information and belief, Defendant knew it did not have the legal right to have criminal charges filed against Plaintiff.

25.     On or about October 1, 2013 at approximately 12:51 PM, Plaintiff returned Defendant's telephone calls and asked to speak to a supervisor. Plaintiff was transferred to "Joseph Daniels" whom she informed that Brianna Jackson was leaving messages for her, including at her place of employment, stating that she was being summoned to court for check fraud. Plaintiff informed the supervisor that she felt humiliated, extremely bad, and violated by the messages. The supervisor informed Plaintiff that Defendant had just received Plaintiff's file and that she owed CashWeb $1,480. The supervisor gave Plaintiff three payment options to resolve the debt. Plaintiff informed Defendant that she needed to review the options and would call Defendant back on October 4, 2013.

26.     Despite the conversation described above in Paragraph 25 and knowledge that Plaintiff could not receive personal telephone calls at her place of employment, on or about October 2, 2013 at approximately 11:40 AM, Defendant placed another telephone call to Plaintiff's place of employment.

27.     Despite the conversation described above in Paragraph 25, on or about October 1, 2013 at approximately 11:53 AM, Defendant placed another telephone call to Plaintiff's cellular telephone and left the following message:

> Hi, Melissa, it's Brianna Jackson with AFB and Associates. Ah, you're supposed to be following up with me today to make arrangement in reference to your file. I'm going to need a return call before 5 PM this evening in order to reach the settlement offer that was given to you. I can be contacted at 855-735-4669. Thank you.

28.     On or about October 2, 2013 at approximately 12:15 PM, Plaintiff returned Defendant's telephone calls and asked to speak to the supervisor, Joseph Daniels. Plaintiff informed the supervisor that she was still receiving calls from Brianna Jackson despite having told Defendant that she would call them on October 4, 2013 when she had decided what she was going to do about the alleged debt. Plaintiff requested that she receive no more telephone calls from Brianna Jackson as she felt uncomfortable and violated by the threatening messages left by Brianna Jackson.

29.     Despite knowledge that Plaintiff did not want to receive any more telephone calls from Brianna Jackson, on or about October 7, 2013 at approximately 10:08 AM, Defendant contacted Plaintiff on her cellular telephone and left the following message:

> Hi, good morning Melissa, it's Brianna Jackson calling from AFB and Associates in our Processing Division. Uh, you were supposed to call back on Friday and make arrangements, uh, to resolve this matter here in our office. And I haven't heard back from you. At this point the attorneys want to go ahead and outsource your documentation to Hillsborough County Court to be further pursued. Uh, today is the last day that you can contact our office to make arrangements and resolve this matter. I can be contacted at 855-735-4669 at extension 112. Thank you.

30.     Defendant's message described above in Paragraph 29 is likely to mislead the least sophisticated consumer to believe that the consumer only had until the end of the day to pay the alleged debt or legal action would be taken.

31.     Plaintiff did not pay the alleged debt by the end of the day and to date no legal action has been taken.

32.     Upon information and belief, Defendant had no intention of taking legal action against the Plaintiff and only stated as such to create a false sense of urgency related to payment of the alleged debt.

33.     Upon information and belief, Defendant did not have the legal right to take any legal action against Plaintiff for failure to pay the alleged debt.

34.     Upon information and belief, Defendant knew it did not have the legal right to take any legal action against the Plaintiff for failure to pay the alleged debt.

35.     Defendant's message described above in Paragraph 29 is likely to mislead the least sophisticated consumer to believe that Defendant was associated with attorneys and that an attorney had reviewed Plaintiff's account.

36.     Upon information and belief, no attorney reviewed Plaintiff's account.

37.     Upon information and belief, Defendant is not associated with any attorneys.

38.     Despite having stated in the October 7, 2013 telephone message described above in Paragraph 29 that October 7, 2013 was the last day that Plaintiff could make arrangements to pay the alleged debt prior to the attorneys sending the documentation to Hillsborough County court to be further pursued, on or about October 8, 2013 at

approximately 11:02 AM, Defendant contacted Plaintiff on her cellular telephone and left the following message:

> Hi, Melissa, it's Brianna Jackson calling from AFB and Associates. You stated on the recorded line that you wanted to handle this matter here in our office. Uh, you were supposed to call back in and make arrangements on Friday and it's now Tuesday. I will need a return call today or you will not qualify for the settlement offer that was given to you at this point. I can be contacted at 855-735-4669 at extension 112.

39.     Despite having stated in the October 7, 2013 telephone message described above in Paragraph 29 that October 7, 2013 was the last day that Plaintiff could make arrangements to pay the alleged debt prior to the attorneys sending the documentation to Hillsborough County court to be further pursued, on or about October 15, 2013 at approximately 11:12 AM, Defendant contacted Plaintiff on her cellular telephone and left the following message:

> Yes, hi, Melissa Ortiz. This is Mr. Daniels - the head director over at AFB & Associates Legal Division. I'm contacting you today because the representative that you've been working with has stated that you have failed to contact her back in reference to this legal matter here in the office. I am gonna make one last attempt to go ahead and speak with you before forwarding this over to Hillsborough County, in which case they would go ahead and have you processed and served with two pending charges. First of all being malicious intent to defraud a financial institution and bouncing a check there in the state you reside. If you did wish to voluntarily take care of this and speak to me in reference to it, please contact my office back today at 855-735-4669 extension 195. Thank you and good luck.

40.     Defendant's message described above in Paragraph 39 is likely to mislead the least sophisticated consumer to believe that the consumer only had until the end of the day to pay the alleged debt or criminal charges would be filed against them.

41.     As of the date of this Complaint, Plaintiff has not paid the alleged debt and no criminal charges have been filed against Plaintiff.

42.     Upon information and belief, Defendant never had the intention of filing criminal charges against Plaintiff.

43.     Defendant never had the legal right to have criminal charges filed against Plaintiff.

44.     Upon information and belief, Defendant knew it did not have the legal right to have criminal charges filed against Plaintiff.

45.     The telephone messages described above in Paragraphs 17, 18, 29, 27, 28, 38, and 39 are part of a pattern and practice of similar communications. Plaintiff is not alone in her allegations that Defendants threatened her with criminal action for "fraud". Both Defendants in this case have been the subject of dozens, if not hundreds, of consumer complaints alleging that Defendants threatened consumers with arrest, imprisonment, fake depositions and fake court dates when no such proceedings were actually ever pending.   Defendants regularly use words like "federal", "fraud", "execution", "sheriff", "deposition", "litigation", "legal department", and "state attorney" in order to coerce consumers like Plaintiff into immediate payment.   A small assortment of cases in which consumers were told that lawsuits were imminent or that they had committed criminal violations by not paying debts is below:

a.   Aitken v. Audubon Financial Bureau, LLC, No. 1:12-cv-01511-JAG
     (C.D. Ill. Apr. 18, 2013).

b.   Lebeda v. Audubon Financial Bureau, et al., No. 1:12cv6187 (N.D .Ill.
     Aug. 3, 2012);

    c.  <u>Fuentes v Audubon Financial Bureau, LLC</u>, No. 1:12-cv-01023-JTC (W.D.N.Y. Mar. 5, 2013);

    d.  <u>Johnson v. Audubon Financial Bureau, LLC</u>, No. 1:13-cv-02325 (N.D. Ill. Mar. 28, 2013).

    e.  <u>Packer v. Audubon Financial Group, LLC</u>, No. 2:12-cv-02172-JLR W.D. Wash. Dec. 13, 2012).

    f.  <u>Smith v. Audubon Financial Group, LLC.</u>, No. 1:12-cv-08944 (N.D. Ill. Nov. 7, 2012);

    g.  <u>Yancy v. Audubon Financial Group, LLC</u>, No. 4:12-cv-03564 (S.D. Tex. Dec. 7, 2012).

46.    The telephone messages described above in Paragraphs 18, 19, 27, 29, 38, and 39 are "communications" as defined by 15 U.S.C. § 1692a(2).  *See* <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); <u>Foti v. NCO Fin. Sys.</u>, 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); <u>Hosseinzadeh v. M.R.S. Assocs., Inc.</u>, 387 F.Supp.2d 1104, 1115-16 (C.D.Cal.2005) (same).

47.    Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

48.    Under 15 U.S.C. § 1692g(a) within five days of the initial communication Defendant was required to provide Plaintiff with a written notice containing—

(1)  the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

As of the date of this Complaint, Plaintiff has not received the written notice as required by 15 U.S.C. § 1692g(a).

49.     As a direct result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I
## CALLS TO PLACE OF EMPLOYMENT
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(3)

50.     Plaintiff incorporates Paragraphs 1 through 15, 17, 25, 26, and 49 above as if fully set forth herein.

51.     Defendant placed calls to Plaintiff's place of employment despite knowledge that Plaintiff's employer prohibited Plaintiff from receiving such communications in violation of 15 U.S.C. § 1692c(a)(3).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT II**
**HARASSMENT, OPPRESSION, AND ABUSE**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d**

52.    Plaintiff incorporates Paragraphs 1 through 49 above as if fully set forth herein.

53.    Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT III**
**HARASSMENT, OPPRESSION, AND ABUSE**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)**

54.    Plaintiff incorporates Paragraphs 1 through 15, 17, 18, 19, 25 through 29, 38, 39, and 49 above as if fully set forth herein.

55.    Defendant caused a telephone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously with the intention to annoy, abuse, or harass

Plaintiff at the called number in connection with the collection of a debt in violation of 15 U.S.C. § 1692d(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.   Damages;

        b.   Attorney's fees, litigation expenses and costs of suit; and

        c.   Such other or further relief as the Court deems proper.

<u>**COUNT IV**</u>
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)**

56.    Plaintiff incorporates Paragraphs 1 through 15, 18, 19, 27, 28, 29, 38, 39, 46, 47, and 49 above as if fully set forth herein.

57.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and purpose in the telephone messages in violation of 15 U.S.C §1692d(6).  *See* <u>Valencia v The Affiliated Group, Inc.</u>, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (N.D.Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.   Damages;

        b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

## COUNT V
## FALSE OR MISLEADING REPRESENTATIONS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e

58.   Plaintiff incorporates Paragraphs 1 through 24, 27, 29 through 41, 45, and 49 above as if fully set forth herein.

59.   Defendant used false, deceptive, or misleading representations or means in connection with the collection of any in violation of 15 U.S.C. §1692e.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

## COUNT VI
## FALSE REPRESENTATION OF DEBT
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)

60.   Plaintiff incorporates Paragraphs 1 through 24, 29 through 34, 39 through 45 and 49 above as if fully set forth herein.

61.   Defendant falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT VII
## FALSE THREATS OF LEGAL ACTION
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(4)

62.  Plaintiff incorporates Paragraphs 1 through 24, 29, 30, 39, 40, 42, through 45, and 49 above as if fully set forth herein.

63.  Defendant falsely represented or implied that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff or the seizure, garnishment, attachment, or sale of any property or wages of Plaintiff when such action was not lawful and the Defendant had no intention of taking such action in violation of 15 U.S.C. §1692e(4).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT VIII
## FALSE THREATS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

64.  Plaintiff incorporates Paragraphs 1 through 24, 29 through 34, 39, 40 through 45, and 49 above as if fully set forth herein.

65.  Defendant threatened to take actions it could not legally take or that it had no intention of taking in violation of 15 U.S.C. §1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT IX**
**FALSE REPRESENTATION OR IMPLICATION OF CRIMINAL CONDUCT IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(7)**

66.    Plaintiff incorporates Paragraphs 1 through 24, 39 through 45, and 49 above as if fully set forth herein.

67.    Defendant falsely represented or implied that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff in violation of 15 U.S.C. §1692e(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT X**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR IN VIOLATION OF 15 U.S.C. § 1692e(11)**

68.    Plaintiff incorporates Paragraphs 1 through 15, 18, 19, 27, 29, 38, 39, 46, 47, and 49 above as if fully set forth herein.

69.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, <u>Foti v. NCO Fin. Sys.</u>, 424 F.

Supp. 2d 643, 646 (S.D.N.Y. 2006); <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); <u>Leyse v. Corporate Collection Servs.</u>, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT XI**
**UNFAIR PRACTICES**
**IN VIOLATION OF 15 U.S.C. § 1692f**

70.    Plaintiff incorporates Paragraphs 1 through 49 above as if fully set forth herein.

71.    Defendant used unfair or unconscionable means to attempt to collect any debt in violation of 15 U.S.C. §1692f.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT XII**
**FAILURE TO SEND WRITTEN NOTICE OF DEBT AND RIGHTS**
**IN VIOLATION OF 15 U.S.C. § 1692g(a)**

72.     Plaintiff incorporates Paragraphs 1 through 15, and 48 above as if fully set forth herein.

73.     Defendant failed to send the written notice of debt required by 15 U.S.C. §1692g(a).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

**COUNT XIII**
**HARASSMENT AND ABUSE**
**IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**

74.     Plaintiff incorporates Paragraphs 1 through 49 above as if fully set forth herein.

75.     Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff, or willfully engaged  in other conduct which can reasonably be expected to abuse or harass the Plaintiff  in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit;

    c.   Declaring that Defendant's practices violate the FCCPA;

    d.   Permanently enjoining Defendant from engaging in the complained of

        practices; and

    e.   Such other or further relief as the Court deems proper.

## COUNT XIV
## ILLEGAL COLLECTION TECHNIQUES
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

76.   Plaintiff incorporates Paragraphs 1 through 24, 29 through 32, 34, 39, 44, 45 and 49 above as if fully set forth herein.

77.   Defendants asserted the existence of a legal right when Defendant knew the legal right did not exist in violation of Fla. Stat. § 559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit;

    c.   Declaring that Defendant's practices violate the FCCPA;

    d.   Permanently enjoining Defendant from engaging in the complained of

        practices; and

    e.   Such other or further relief as the Court deems proper.

## COUNT XV
## FALSE COMMUNICATION
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(12)

78.   Plaintiff incorporates Paragraphs 1 through 15, 29, 35 through 37, and 49 above as if fully set forth herein.

79.     Defendant orally communicated with Plaintiff in such a manner as to give the false impression or appearance that such person is or is associated with an attorney in violation of Fla. Stat. § 559.72(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Declaring that Defendant's practices violate the FCCPA;

    d. Permanently enjoining Defendant from engaging in the complained of practices; and

    e. Such other or further relief as the Court deems proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury.

*/s/ James S. Giardina*
[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
***Counsel for Plaintiff***
